## Case No. 10,786.

### PARTRIDGE v. LIFE INS. CO.

[1 Dill. 139.] [1]

Circuit Court, D. Missouri. 1871. [2]

LIFE INSURANCE—COMPENSATION OF AGENTS—USAGE.

In an action by the former local agent of a foreign life insurance company against the company to recover the commuted value of commissions on the renewal of policies after the plaintiff was discharged, it appeared that the contract fixing the plaintiff's compensation, was contained in a letter from the secretary of the company, to him, which stated: "You are there working up a business for yourself, and are to be paid the highest commissions we pay to any agent,"—it was held, in substance, that the plaintiff could not show a local usage among other companies, not including the defendant's company, to pay the commuted value of premiums during the whole existence of the policy, should the agent who procured the policy be discharged, or cease to act for the company.

[This was an action by B. Frank Partridge against the Phoenix Mutual Life Insurance Company to recover for services rendered defendant as agent in its business of life insurance.]

Harding & Thayer, for plaintiff.

Eno, Cline, Jamison & Day, for defendant.

PER CURIAM. The plaintiff had been the local agent in St. Louis, of the defendant, a foreign insurance company, and in this action sought to recover commissions, or commuted value thereof, for renewals of policies after he ceased to be the agent. The plaintiff served as such agent, under a letter from the company, to him, which stated: "Your status is this: You are there working up a business for yourself, and are to be paid the highest commissions we pay to any agent." To this the plaintiff assented. Held, on the trial: 1st. That the whole sentence was to be taken together, and that the plaintiff could not introduce the parol testimony of insurance men or agents, to show that the words "working up a business for yourself" (separating them from the rest of the connected sentence) had a peculiar meaning, and meant that he should be entitled to continuing, or future commissions after he had ceased to be agent, and of which he could not be deprived by being discharged from the service of the company. 2d. That while the plaintiff might show by parol what were the highest commissions, or best terms paid by the defendant to any of its agents with like duties as the plaintiff, he could not show that there was a usage among other life insurance companies in St. Louis, or doing business there, to pay commissions for renewals, or the commuted value thereof, during the whole existence of the policy, and after the agent ceased to act for the company. Such usage on the part of other companies being regarded as inconsistent with the special contract, which was, that the plaintiff was to have the highest commissions paid by the defendant, and not the highest paid by others, and, besides, such usage was not alleged or shown to be known to the defendant, which was a foreign corporation.

[There was a judgment in favor of the defendant, which was affirmed by the supreme court, where it was carried on writ of error. 15 Wall. (82 U. S.) 573.]

(NOTE. Function of usage or custom in the interpretation of contracts explained. Barnard v. Kellogg, 10 Wall. [77 U. S.] 383. Never admissible to contradict or eat away an express contract. Stagg v. Insurance Co., Id. 589.)

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 15 Wall. (82 U. S.) 573.]